UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
EAST COAST RESOURCES, LLC,


                              Plaintiff(s),                    <u>MEMORANDUM</u>
                                                                  <u>OPINION AND ORDER</u>

                -against-                               CV 07-2954 (ETB)

TOWN OF HEMPSTEAD,


                              Defendant(s).
---------------------------------------------------------------------------X

Before the court is the plaintiff, East Coast Resources, LLC's ("ECR"), motion for

reconsideration of the Court's prior Memorandum Opinion and Order, dated April 21, 2010, in

which it granted summary judgment to the defendant, the Town of Hempstead (the "Town").

ECR only challenges that portion of the prior decision that pertains to ECR's claim for lost

profits for the two option years of the parties' contract that were ultimately not exercised.  ECR

does not seek reconsideration of the remaining portions of the prior decision.  For the following

reasons, ECR's motion is denied.


<u>FACTS</u>

Familiarity with the facts of the underlying action is presumed.  By Memorandum

Opinion and Order dated April 21, 2010, the Court granted the Town's motion for summary

judgment and found that, as a matter of law, ECR was not entitled to seek lost profits for the two

option years of the parties' contract that were not exercised.  (Mem. Op. and Order 13.)  The

Court based its decision on the fact that although the Town sought to exercise the second of the

three option years in January 2007, ECR refused to do so and formally advised the Town by letter

dated March 28, 2007 that it would not continue to perform under the parties' contract as of

March 31, 2007.  (Mem. Op. and Order 11-13.)  Accordingly, the Court found that the contract

between the parties ceased - at ECR's direction - as of March 31, 2007 and therefore ECR was

not entitled to seek damages for lost profits for the two option years that were not exercised,

since it had refused to perform.  (Mem. Op. and Order 13.)

ECR now seeks reconsideration of that decision on the grounds that the Court overlooked

controlling legal precedent by the Second Circuit, i.e., Koufakis v. Carvel, 425 F.2d 892 (2d Cir.

1970).  The Town opposes ECR's request for reconsideration and argues that ECR has not met

the strict standard required for reconsideration.


DISCUSSION

I.      Legal Standard

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are

committed to the sound discretion of the district court.  See Ehrlich v. Inc. Village of Sea Cliff,

No. CV 04-4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) ("A motion for

reconsideration is within the sound discretion of the district court."); Hunt v. Enzo Biochem,

Inc., No. 06 Civ. 170, at *1 (S.D.N.Y. May 7, 2007) ("Motions for reconsideration are governed

by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.").

"Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality

and conservation of scarce judicial resources.'"  Hunt, 2007 WL 1346652, at *1 (quoting In re

Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  For this reason,

Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999); see also Ehrlich, 2007 WL 1593241, at *2 (stating that it is well settled in the Second Circuit that the standard for granting a motion for reconsideration is "strict"); Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) ("The standards for reargument are strictly applied in order to preserve scarce judicial resources and avoid piecemeal litigation.").

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) ("This Court cannot merely consider the same arguments that were previously submitted.") (citing Ruiz v. Comm'r of the D.O.T. of New York, 687 F. Supp. 888, 890 (S.D.N.Y. 1988), modified on other grounds, 934 F.2d 450 (2d Cir. 1991)). Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted).

"Indeed, a party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Woddard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) (additional citation omitted); see also Hunt, 2007 WL 1346652, at *1 ("The restrictive application of Local Rule 6.3 helps to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (quotation omitted).

II.      ECR's Motion for Reconsideration

     A.      Submission of New Evidence by ECR

          As a threshold matter, the Town asserts that ECR has submitted new evidence in connection with its motion for reconsideration. (Def. Mem. of Law 4-5.) ECR does not dispute this claim. Such evidence includes excerpts from deposition transcripts as well as the report of ECR's expert, Greg Bingham, (Pl. Mem. of Law Ex. A-G); most, if not all, of which was not submitted to the Court in connection with the underlying summary judgment motion. The submission of new evidence is not proper on a motion for reconsideration and therefore, will not be considered by the Court. See Caribbean Trading & Fid. Corp., 948 F.2d at 115 (noting that a party is not permitted to "advance new facts . . . not previously presented to the Court" on a motion for reconsideration); Bank Leumi Trust Co. v. Istim, Inc., 902 F. Supp. 46, 49 (S.D.N.Y. 1995) (denying motion for reconsideration and holding that information that movant sought to proffer as "new" was not actually new where the movant had access to the information prior to the underlying motion and where the movant failed to "establish that the [evidence] could not

have been found by due diligence") (quoting <u>Keogh Corp. v. Howard, Weil, Labouisse, Friedrichs, Inc.</u>, No. 88 Civ. 8447, 1993 U.S. Dist. LEXIS 12086, at *3 (S.D.N.Y. Aug. 30, 1993) (alteration in original).[1]

B.      <u>Basis for ECR's Motion</u>

The basis for ECR's motion for reconsideration is that the Court overlooked controlling legal precedent when rendering its decision on summary judgment, <u>i.e.</u>, <u>Koufakis v. Carvel</u>, 425 F.2d 829 (2d Cir. 1970). However, as evidenced by pages twelve to thirteen of the prior Memorandum Opinion and Order, the Court did in fact consider <u>Koufakis</u>, but held it inapposite to the facts of the within action. While ECR may be unhappy that the Court did not accept its interpretation and application of <u>Koufakis</u>, its assertion that the Court overlooked the case is incorrect.

Moreover, ECR repeatedly asserts that its decision to terminate the parties' contract was in response to the earlier alleged breach by the Town, whereby the Town mixed agricultural and non-agricultural waste together in violation of the contract.[2]  However, the alleged breach by the Town occurred as early as 2005 and was communicated to the Town by ECR by letter dated

---

[1]  The Court notes that ECR makes much of the fact that the Town did not move for summary judgment until "the eve of trial," after "ECR spent years developing its damages theory for the benefit of a jury." (Pl. Mem. of Law 2.) ECR repeats this refrain throughout its motion for reconsideration. However, it is black letter law that "[s]ummary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986). ECR has been represented by counsel at all times during the course of this action. As experienced litigators, ECR's counsel should have anticipated and been prepared to respond to the Town's motion for summary judgment, whether or not the Town previously indicated its intention to move for such relief.

[2]  This is the same argument ECR advanced in response to the Town's motion for summary judgment.

March 24, 2006.  (Mem. Op. and Order 2.)  When advising the Town of the alleged

contamination of the waste, ECR only informed the Town that it had "a few issues" that needed

to be addressed and requested that the Town follow the provisions of the contract more closely.

(Mem. Op. and Order 2-3.)  At no point prior to its termination of the contract in 2007 did ECR

inform the Town that it already considered the contract to have been breached.  In fact, ECR

continued to perform waste removal services for the Town for more than a year after addressing

the contamination issue.  (Mem. Op. and Order 3.)

Where one party breaches a contract, the other party has two choices: (1) it can "elect to

allege a total breach, terminate the contract and bring an action;" or (2) it can "elect to keep the

contract in force, declare the default only a partial breach, and recover those damages caused by

that partial breach."  Carco Group, Inc. v. Maconachy, 644 F. Supp. 2d 218, 238 (E.D.N.Y. 2009)

(quoting 13 WILLISTON § 39:32) (additional citations omitted).  However, "the nonbreaching

party, by electing to continue receiving benefits pursuant to the agreement, cannot then refuse to

perform his or her part of the bargain."  Carco Group, 644 F. Supp. 2d at 238 (quoting 13

WILLISTON § 39:32).  "Thus, 'if the non-breaching party chooses not to terminate the contract,

it loses the right to terminate the contract on the basis of the earlier breach.'"  Carco Group., 644

F. Supp. 2d at 238 (quoting NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd., 262 F. Supp. 2d 134,

145 (S.D.N.Y. 2003); see also City of New York v. New York Pizzeria, No. 05-CV-2754, 2006

U.S. Dist. LEXIS 71414, at *23 (S.D.N.Y. Sept. 29, 2006) ("When the non-breaching party

elects to continue the contract, it is not freed from its obligations under the contract, despite the

[other] party's breach.").

Here, ECR elected to continue the parties' contract after the alleged contamination by the

Town and continued to receive payment from the Town for its waste removal services.

Accordingly, ECR did not assert its right to terminate the contract based on the Town's alleged

earlier breach. Thus, ECR was obligated to fully perform its duties under the contract, which

included three renewal terms, exercisable solely at the Town's discretion. When the Town

sought to invoke the second of the three renewal terms, ECR refused to comply and therefore

terminated the parties' contract. As held in the previous decision, ECR's termination of the

contract resulted in there being no valid contract in effect upon which ECR could assert a claim

for lost profits for the two unexercised option years. (Mem. Op. and Order 11-13.)

      Accordingly, ECR's motion for reconsideration is denied.


### CONCLUSION

      For the foregoing reasons, plaintiff's motion for reconsideration is denied. The Clerk of

the Court is directed to enter judgment in favor of the defendant and to mark this case as closed.


**SO ORDERED:**

Dated: Central Islip, New York
       July 19, 2010

                         /s/ E. Thomas Boyle
                         E. THOMAS BOYLE
                         United States Magistrate Judge